```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

```
MARY BAILEY,                    )
                                )
     Plaintiff,                 )
                                )     CIVIL ACTION NO.
v.                              )
                                )     CV-96-AR-1587-E
                                )
WAL-MART STORES, INC., et       )
al.,                            )
                                )
     Defendants.                )
```

FILED 97 MAY 22 PM 12:39 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED MAY 22 1997

## MEMORANDUM OPINION

The court has before it a motion to for summary judgment filed by defendant, Wal-Mart Stores, Inc., ("Wal-Mart"). For the reasons stated below, the motion is due to be granted in part and denied in part.

### A. Pertinent Facts

Defendant's store opened at 11:00 a.m. on March 19, 1995. At or around this time plaintiff and her daughter entered the well-lit store to shop for several items. Plaintiff entered the shampoo aisle of the store to search for a speciality shampoo. She allegedly spent between five to eight minutes searching for the shampoo. During this time, plaintiff testified that no other persons were in the aisle. Finding a shampoo, though not the one

1

she was looking for, plaintiff turned with her cart to exit the aisle. At this time she slipped and fell on a white substance that was approximately one foot long. Shortly thereafter, a customer and several employees came to plaintiff's aid.

Plaintiff testified that the store manger put his finger into the white substance and declared it to be hand lotion. Plaintiff testified that the only markings in the substance were the fingerprints, made by the store manager, and a skid mark made by plaintiff's fall. Next to the substance was her footprint. There was no other indication that the substance had been in the aisle for an extended period of time.

Two Wal-Mart employees, Sharla Setser ("Setser") and Jean Brown ("Brown"), testified that they had "zoned" the aisle approximately two to three minutes prior to plaintiff's accident. "Zoning" implies that employees fix merchandize on the shelves, pick up anything on the floors, assist customers, and take inventory. Setser and Brown claim that there was no white substance was no on the floor at the time they zoned the aisle.

The remaining facts explicated by the parties are irrelevant to the court's summary judgment determination.

### B. Summary Judgment Standard

Rule 56 states, in pertinent part:

2

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

F. R. Civ. P. 56(c). As stated by the Eleventh Circuit, "[s]ummary judgment is appropriate where there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Turnes v. AmSouth Bank, N.A.*, 36 F.3d 1057, 1061 (11th Cir. 1994).

### C. Legal Analysis

#### 1. Negligence

While a storekeeper must provide and maintain a reasonably safe environment for his customers, the storekeeper is not an insurer of the customer's safety. *See Maddox v. K-Mart Corp.*, 565 So. 2d 14, 16 (Ala. 1990). Rather, the storekeeper is only liable if he negligently fails to exercise reasonable care in maintaining the facility. *Id.* To prove negligence plaintiff must prove:

> (1) that the substance slipped upon had been on the floor for a sufficient length of time to impute constructive notice to [the storekeeper]; or (2) that [the storekeeper] had actual notice the substance was on the floor; or (3) that [the storekeeper] was delinquent in not discovering and removing the substance.

*Id.* While well reasoned Alabama case law would seem to

3

preponderate against a ruling for plaintiff on her negligence claim, see, e.g., *O.D. Cash v. Winn-Dixie*, 418 So. 2d 874 (Ala. 1982), one case, *Williams v. Bruno's, Inc.*, 632 So.2d 19 (Ala. 1993), forces this court to decide otherwise. *Williams* says that where an employee is working in an aisle shortly before a plaintiff is injured in a slip and fall case, and where the plaintiff slips on a visible substance, a jury is allowed to infer that the employee saw the substance on the floor and simply worked around it. *Id.* at 21. Absent *Williams*, this court might find such an inference to be mere speculation and conjecture that would warrant summary judgment, see *Speer v. Pin Palace Bowling Alley*, 599 So. 2d 1140 (Ala. 1992), nevertheless, it is bound by the Supreme Court of Alabama's determination of Alabama tort law in diversity cases. In light of *Williams*, and because "summary judgment is rarely appropriate in negligence personal injury cases", see *Johnson v. Delchamps, Inc.*, 1996 WL 596889 (Ala. Civ. App. Oct. 18, 1996), defendant's motion for summary judgment, as to plaintiff's negligence claim, is due to be denied.

### 2. Wantonness

Notably, plaintiff makes no argument and proffers no evidence in her brief to support her wantonness claim. For this reason

4

alone her wantonness claim is due to be dismissed. To be guilty of wantonness Wal-Mart must have acted "with a reckless or conscious disregard of the rights and safety of others." Ala. Code § 6-11-20(b)(3) (1997). Furthermore, plaintiff must present clear and convincing evidence that Wal-Mart acted "with knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury." *Lynn Strickland Sales & Service, Inc. v. Aero-Lane Fabricators, Inc.*, 510 So. 2d 142, 145 (Ala. 1987). "Wantonness is not merely a higher degree of culpability than negligence." *Id.* As mentioned, plaintiff presents no evidence, let alone clear and convincing evidence, that would support her wantonness claim. Accordingly, defendant's motion for summary judgment on this claim is due to be granted.

A separate and appropriate order will be entered.

DONE this 22nd day of May, 1997.

*[signature]*
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT