FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

97 NOV -6 PM 4: 10

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| MARY BAILEY, | } | |
| Plaintiff | } | |
| | } | CIVIL ACTION NO. |
| vs. | } | |
| | } | 96-AR-1587-E |
| WAL-MART STORES, INC., | } | |
| Defendant | } | |

ENTERED

NOV 7 1997

## MEMORANDUM OPINION

On June 19, 1996, defendant, Wal-Mart Stores, Inc. ("Wal-Mart") removed the above-captioned case to this court from the Circuit Court of Calhoun County, Alabama, alleging the diversity of citizenship described in 28 U.S.C. § 1332 as the basis for removal jurisdiction.  Plaintiff, Mary Bailey ("Bailey"), an Alabama resident, had sued in the state court, seeking $500,000 in damages for alleged personal injuries she sustained in a fall on the premises of Wal-Mart, which is a corporation that at all pertinent times resided in a state or states other than Alabama.  Although her *ad damnum* was unrealistic, Bailey did not challenge the removal at that time.

On October 31, 1997, over 16 months after the removal and three days before the date upon which the case was set for trial, Bailey filed a motion to remand.  Her said motion, as orally amended during argument, disclaims forever and a day any

1

24

entitlement against Wal-Mart to a sum in excess of $49,999.[1]  Wal-Mart strenuously objects to a remand by arguing simply that the question of removability always is to be determined on the pleading and facts existing at the time the suit was filed and/or at the time the notice of removal was filed, and certainly not 16 months later on the brink of trial.

Long after this removal, this court granted a motion by Wal-Mart for partial summary judgment.  In so doing, the court eliminated Bailey's count for wantonness, thereby negating the possibility of Bailey's obtaining punitive damages.  Her medical expenses were only $3,826 according to the damage itemization filed in compliance with the pre-trial order.

The brief submitted by Wal-Mart in opposition to Bailey's belated motion to remand relies entirely upon its contention that events occurring subsequent to the removal can have no effect on this court's removal jurisdiction.  It is this contention with which the court respectfully disagrees.  Although an argument could be made for an exercise of discretion to deny Bailey's motion to remand, Wal-Mart does not acknowledge any such discretion in this court.  If this court should have discretion in the matter, it would exercise that discretion in favor of remand in this case.

The cases cited by Wal-Mart, all pre-1988 cases, do state the

---

[1] The jurisdictional amount for a diversity removal on June 16, 1996, was $50,000.  The subsequent increase of the diversity jurisdictional amount to $75,000 does not apply to cases removed before the increase.

admittedly correct principle that the right to remove is to be examined <u>as of the date of removal</u>. This is, of course, true in both diversity removals and federal question removals. Wal-Mart's authorities, however, do not purport to deal with the meaning and intent of 28 U.S.C. § 1447(c), as it was revised effective November 19, 1988. Section 1447 is entitled "Procedure after removal generally." Prior to 1998, subsection (c) read as follows:

> If at any time before final judgment it appears that the case <u>was removed improvidently</u> and without jurisdiction, the district court shall remand the case, and may order the payment of just costs.

(emphasis supplied). The statute prior to the 1988 amendment focused on the requisites for removal jurisdiction only as of the date of the removal. However, from November 19, 1998, until today, subsection (c) has read as follows:

> If <u>at any time before final judgment it appears that the district court lacks subject matter jurisdiction</u>, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal.

(emphasis supplied). Contemporaneously with the amendment to subsection (c), subsection (e) was added. Subsection (e) reads as follows:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

The alterations contained in new subsections (c) and (e) did not purport to change the requisites for a provident diversity removal. The old rule cited by Wal-Mart, as enunciated in *St. Paul*

3

*Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S. Ct. 586 (1938), was clearly overruled by the 1988 changes. In *St. Paul Mercury*, the Supreme Court had before it a case identical to the instant case. The defendant had removed a diversity case to federal court. The plaintiff thereafter reduced the amount of the damages claimed to a figure below the diversity jurisdictional amount. In *St. Paul Mercury*, the district court had remanded the case to the state court. The Supreme Court reversed, holding that "events occurring subsequent to removal which reduce the amount recoverable ... do not oust the district court's jurisdiction." 58 S. Ct. at 592. In *Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 108 S. Ct. 614 (1988), the Supreme Court reiterated the *St. Paul Mercury* rationale based on the then existing version of § 1447(c) which, as at the time of *St. Paul Mercury*, took only a backward look at the jurisdictional facts as of the date of removal. Although this court has been unable to find any legislative history that reveals the Congressional thinking behind the 1988 amendment to § 1447(c), it seems logical that Congress was responding to *Carnegie-Mellon* and to *St. Paul Mercury*. The new language in subsections (c) and (e) on its face reflects that Congress suddenly realized that federal judges' hands were being tied and that the courts were being forced to ignore a core principle of federalism that recognizes the primacy of the of state courts. It follows, of course, that federal courts are courts of limited jurisdiction.

There is a stark difference between the language of pre-1988 subsection (c) and new subsection (c), especially as elucidated by the contemporaneous addition of subsection (e). It is quite apparent to this court that Congress intended to create in a federal court control over what changes it will allow in plaintiff's contentions after removal and in what parties he can add, while recognizing that if such changes result in a loss of subject matter jurisdiction, no discretion remains in the federal court to retain jurisdiction, and that remand becomes automatic. The fact that the case was properly removed in the first place become irrelevant. This court finds no ambiguity either in subsection (c) or in subsection (e). If there were any ambiguity, this court must resolve it in favor of state court jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S. Ct. 868 (1941).

Arguably, it is unfair to remand a case for lack of subject matter jurisdiction at the very moment of trial, but § 1447(c) is unforgiving in its language. And, in this case, Wal-Mart is not being treated unfairly. It has obtained something valuable in exchange for the trouble and expense it went to in removing the case. After all, Bailey will forever be estopped from seeking or accepting one dime in excess of $49,999, no matter what the evidence may turn out to be in the state court with respect to the extent of Bailey's past and future pain and suffering. Bailey's self-imposed limitation is worth something.

Although, as it must, this court reads § 1447(c) strictly and literally, it does not read it to require the remand of a diversity case between the receipt of a jury verdict in an amount less than the jurisdictional amount and the entry of a judgment on that verdict. The entry of judgment under such circumstances would be a mere ministerial act. *See Watson v. Blankinship*, 20 F.3d 383, 387 (10th Cir. 1994). Subsection (c) is like subsection (e) in that it provided Wal-Mart a basis for arguing that Bailey should not be allowed to amend her complaint so as to destroy this court's jurisdiction. Such an argument could have been made under Rule 16(e), F.R.Civ.P., which precludes amendments after the final pre-trial order unless necessary to accomplish justice. Bailey's disclaimer could be treated as a motion for leave to amend her complaint to reduce the *ad damnum*. If this is what it is, Wal-Mart has interposed no objection to the proposed reduction in the amount of Bailey's claim. Wal-Mart objects only to the remand itself. This court finds not only that Wal-Mart will suffer no undue prejudice by a remand but that Bailey's motive for what she is doing is irrelevant. If Bailey's only motive is to destroy subject matter jurisdiction and to get a return ticket to the state court, it also has an implicit rationality of another kind. As this court has become familiar with the case during the 16 months that it has been in this court, this court has concluded that a fair, practical, and realistic appraisal of the value of the case makes it highly unlikely that Bailey could ever obtain at the hands of a

jury, state or federal, a sum exceeding $50,000.

While this court has found no case directly on point supporting remand under these circumstances, neither has the court found any case rejecting this court's reading of the 1988 amendment to § 1447(c).

As recently as September 26, 1997, the Eleventh Circuit, in commenting on present § 1447(c), said:

> As this circuit has interpreted this language, a remand order is reviewable <u>if and only if it is openly based on grounds other than (1) lack of district court subject matter jurisdiction</u>; or (2) a motion to remand the case filed within 30 days of the notice of removal which is based upon a defect in the removal procedure.

*In re Bethesda Memorial Hosp.*, 123 F.3d 1407, 1409 (11th Cir. 1997). In granting Bailey's motion to remand, this court is <u>"openly" basing its decision on "lack of district court subject matter jurisdiction."</u>

An appropriate, separate order will be entered.

DONE this 6th day of November, 1997.

/s/ William M. Acker
_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE